PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN DEARING, | ) | |
| | ) | CASE NO. 4:13CV1500 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN D. BOBBY, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

Before the Court is *pro se* Plaintiff Marvin Dearing's *in forma pauperis* prisoner civil rights Complaint (ECF No. 1) filed against Warden D. Bobby, Corrections Officer Gibson, and Director of Prisons Mohar. Plaintiff, who is incarcerated at the Ohio State Penitentiary ("OSP"), alleges the defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. He seeks $5,000,000.00 in compensatory and punitive damages. ECF No. 1-5 at PageID #: 19.

**I. Background**

Plaintiff is housed in the super maximum security section of OSP known as Level 5. Inmates in this section are forbidden from physical contact with other inmates and are only permitted to shower and use the recreational area one hour a day, five days a week. ECF No. 1 at PageID #: 4. Although two Level 5 inmates may engage in recreation at the same time, one prisoner must remain locked-down in a recreation cage while the other prisoner is in an open area described as "the range." ECF No. 1 at PageID #: 4-5.

(4:13CV1500)

On April 13, 2013, Plaintiff was nearing the end of his period in Recreation Cage B while another Level 5 inmate was on the range for his recreation time. Officer Gibson announced over the loud speaker that Plaintiff's hour was ending and that he needed to report to the shower area. ECF No. 1 at PageID #: 5. At that time, Officer Gibson opened the electronic door to release Plaintiff. As he was walking toward the showers, the other Level 5 inmate approached Plaintiff and began stabbing him in the hands and chest with a homemade knife. Plaintiff alleges he suffered life threatening wounds as a result of the attack. OSP staff immediately transported Plaintiff to a hospital in Youngstown, Ohio. ECF No. 1 at PageID #: 6-7.

When Plaintiff returned to OSP, he filed an Informal Complaint Resolution form on April 24, 2013. The complaint alleged Officer Gibson demonstrated "inappropriate supervision" on the day Plaintiff was attacked in the recreation area. An OSP supervisor responded the following day, notifying Plaintiff that the incident was investigated and that "[t]here are procedures in place for this to not occur per policies." The supervisor added that he could not disclose what disciplinary actions would be taken against the officer. ECF No. 1-9 at PageID #: 24.

Plaintiff continued to grieve his complaint through the administrative appeals process, without success. As a resolution, he asked the prison to force Officer Gibson to resign. ECF No. 1-9 at PageID #: 25. The prison responded that it initiated a pending investigation of the incident. When interviewed by the prison, Officer Gibson claimed he did not see the inmate who attacked Plaintiff standing in the area when he opened the electronic door. He did, however, acknowledge that he "mistakenly accessed the recreation door." After the inmates began fighting, the prison issued a conduct report against Plaintiff, who was found guilty. The prison

2

(4:13CV1500)

acknowledged the officer's mistake as a "serious single incident," but noted it "was not meant to harass nor was it a purposeful act." The report added that the Warden would make the final decision regarding officer discipline once the investigation was completed. ECF No. 1-9 at PageID #: 26.

Plaintiff alleges the defendants were aware that the inmate who attacked him had threatened his life in the past. As evidence of this, Plaintiff claims he submitted two kites to the Warden, in January and February 2013. The kites explained that another inmate was threatening his life and requested a transfer to another cell block. The Warden allegedly never replied to these kites and, for reasons not explained in the complaint, Plaintiff does not state that he pursued the request any further. ECF No. 1 at PageID #: 7. Moreover, he did not refer to these kites in any of the grievances he filed after the April 13, 2013 incident.

In addition to his kites to the Warden, Plaintiff claims the prison was otherwise aware that this particular inmate was extremely violent, since he had recently attacked a prison guard with a knife. ECF No. 1 at PageID #: 9. Plaintiff contends OSP staff ignored its own policy and protocol by allowing him to come in contact with a violent inmate who had previously threatened his life. Plaintiff alleges that Defendants' failure to follow established policy for super maximum prisons in Ohio further reflects their deliberate indifference and reckless disregard for his safety. From this he concludes the defendants deliberately placed him at high risk by allowing him to come in contact with a violent inmate. ECF No. 1 at PageID #: 8-9.

**II. Standard of Review**

3

(4:13CV1500)

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### III. Failure to State a Claim

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

(4:13CV1500)

elements of a cause of action will not meet this pleading standard. *Id.* For the reasons that follow, Plaintiff's Complaint (ECF No. 1) fails to meet the requisite standard.

**A. Civil Rights - 42 U.S.C. § 1983**

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g.*, *Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140 (citation omitted).

Plaintiff asserts the defendants failed to protect him from a substantial risk of serious harm. This would invoke his rights under the Eighth Amendment's prohibition of cruel and unusual punishment, which among other things requires prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer*, 511 U.S. at 834. While *Farmer* established that a prison

(4:13CV1500)

official's failure to prevent harm to an inmate can implicate the Eighth Amendment, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. Rather, to maintain an Eighth Amendment claim based on a failure to prevent harm, Plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm" (the "objective component"), and that the defendants acted with "deliberate indifference" to that risk (the "subjective component"). *Id*. "Deliberate indifference" is a state of mind similar to criminal recklessness: "'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (quoting *Farmer*, 511 U.S. at 837).

The failure to segregate violent inmates from non-violent inmates has been held to constitute "deliberate indifference" where there is a pervasive risk of harm or where the victim belonged to an identifiable group of prisoners for whom risk of assault is a serious problem. *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Marsh v. Arn*, 937 F.2d 1056, 1061 (6th Cir. 1991) (overruled on other grounds by *Farmer, supra*). Here, Plaintiff admits he is incarcerated at a super maximum prison and housed in "[t]he supermax part of the prison . . . called Level 5." ECF No. 1 at PageID #: 4. Therefore, like the Plaintiff, the community of prisoners with whom he lives are all subject to high security confinement.

Plaintiff attempts to distinguish the inmate who attacked him as "a known violent inmate who has a history of stabbing inmates and guards" (ECF No. 1 at PageID #: 8-9), but does not seek a remedy from this Court that would alter the conditions of his current confinement.

6

(4:13CV1500)

Instead, his Complaint (ECF No. 1) is an attempt to seek damages from the defendants for injuries he sustained at OSP after the officer allegedly failed to follow prison policy. This, however, does not raise the issue to the level of a constitutional violation. There is an allegation that the conditions under which he is presently confined will expose him to significant risk of harm. While he alleges the Warden never responded to a kite he submitted wherein he requested a transfer to another cell block because an inmate was threatening his life, he never renewed or addressed that request during the grievance process. Moreover, that is not the remedy he is seeking from this Court.

Eighth Amendment liability cannot be predicated solely on negligence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Id.* Even liberally construed, the Complaint (ECF No. 1) contains no allegations indicating that the defendants acted with a degree of culpability greater than mere negligence. Therefore, assuming the truth of the allegations, Plaintiff has failed to set forth an arguable claim for a violation of his Eighth Amendment rights.

**B. Liability of Public Official**

Even if Plaintiff stated a claim of liability under § 1983, he could not pursue his claims against Warden D. Bobby and Director of Prisons Mohar in their official capacities. To establish liability in an official capacity suit under § 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom, or that the official possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner. *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir.1989).

(4:13CV1500)

There is no question that the Warden pursued an investigation against Officer Gibson. Moreover, as Plaintiff alleged several times in his Complaint (ECF No. 1), the prison had a policy in place to avoid the very incident that led to his attack. The Disposition of Grievance form noted that "it was a serious single incident" (ECF No. 1-9 at PageID #: 26) and the OSP supervisor that responded to the Informal Complaint Resolution notified Plaintiff that "[t]here are procedures in place for this to not occur per policies." (ECF No. 1-9 at PageID #: 24). Finally, there are no allegations that either the Warden or the Director used their authority in an unconstitutional manner.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

| | |
|---|---|
| September 30, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.